FEBRUARY 24, 1982


*In re* APPORTIONMENT OF STATE LEGISLATURE—1982. (Docket No. 68777.) On Feburary 12, 1982, the Secretary of State, the constitutionally designated Secretary of the Commission on Legislative Apportionment, notified this Court that the commission could not agree upon an apportionment plan. On February 22, 1982, two proposed apportionment plans were submitted to the Court by individual members of the commission, one by Richard H. Sanderson and the other by Erma Lurvey.

Four members of the commission have submitted petitions asking the Court to assume jurisdiction of further proceedings and to enter a preliminary order that would govern the form, manner and time for submission of additional proposed apportionment plans. Responses have been submitted by the other four members of the commission indicating they have no objection to the detailed preliminary order sought by petitioners, with one exception. The parties appeared at a hearing on February 23, 1982, and, reiterating their positions as indicated, joined in seeking from this Court the described detailed preliminary order.

NOW THEREFORE THE FOLLOWING ORDER, in general providing the specific relief sought by both parties, but omitting the provision

objected to by respondents, and with modifications designed to expedite the completion of these proceedings is issued:

1. Any commissioner, individually or jointly with other commissioners, may submit an additional proposed plan to this Court for its consideration, in accordance with the following requirements and not otherwise.

2. Any plan shall be delivered to the Secretary of State for audit by 4 p.m., Monday, March 1, 1982. Any plan delivered after this time will not be accepted by the Secretary of State or considered by this Court.

3. A total of 14 copies of any plan shall be delivered to the Secretary of State.

4. Any plan shall be delivered to the Secretary of State in an electronic format readable by electronic facilities available to him. It shall also be delivered in written form.

5. "Written form" shall mean that each plan shall consist of:

(a) A statewide map showing the proposed election districts;

(b) Maps of individual counties, cities and townships which have been divided by the proposed districts. These divisions shall be shown on the maps of such political subdivisions which were prepared by the Secretary of State for use by the commission. Such other maps or graphic presentations as the submitter may desire, without limitation on the right of a submitter to present other graphic presentations in briefs or argument before this Court.

(c) A list of the census geography contained within each proposed district;

(d) A statement of the population count for each proposed district;

(e) Such statement of the minority population (as reported by the Bureau of Census, U. S. Department of Commerce) for each proposed district as the submitter shall desire to present (provided that this statement shall be without prejudice to all claims and defenses with respect to the use thereof);

(f) A statement that all proposed districts are contiguous.

6. The Secretary of State audit reports shall verify and confirm the provisions of paragraphs 4 and 5 above with respect to each plan submitted; and in addition shall contain a statement of the entire minority population (as reported by the Bureau of Census, U. S. Department of Commerce) for each proposed district.

7. By 4 p.m., Thursday, March 11, 1982, the Secretary of State shall notify each commissioner presenting a plan of the results of the Secretary's audit of that plan and shall notify all commissioners of the date on which all audits were completed and all commissioners notified of the audits of their plans. Each commissioner shall have

until 4 p.m., Tuesday, March 16, 1982, to correct any errors discovered by the Secretary in his audit. Such corrections shall be submitted to the Secretary of State and shall be responsive only to errors discovered by him. By 4 p.m., Thursday, March 18, 1982, a final audit report shall be furnished to each commissioner presenting a plan, notifying such commissioner of the results of that audit; and the Secretary shall then certify to the Court and all commissioners that his audits have been completed, and the date on which all commissioners were so notified. Thereupon the Secretary of State shall submit 10 complete copies of each plan to this Court with concurrent service to the attorney for respondents of 3 complete copies of each plan submitted by a member or members of the commission who are petitioners herein, and to the attorney for petitioner of 3 complete copies of each plan submitted by a member or members of the commission who are respondents herein. The Secretary of State and his employees shall not disclose the contents of any plan or his audit results to any person other than as herein provided.

8. The proponent(s) of any plan shall file 17 copies of a typewritten brief in support thereof with this Court by 4 p.m., Monday, March 22, 1982, with concurrent actual service of 3 copies on the attorney for opposing proponent(s). Proof of such actual service shall be filed with this Court as soon as practicable.

9. Any proponent wishing to reply to another proponent's brief shall file such reply (17 copies) with the Court by 9:30 a.m., Thursday, March 25, 1982, with concurrent service of three copies on the opposing attorney as described in paragraph 8 above.

10. Oral argument in support of or in opposition to submitted plans is hereby scheduled in this Court at 10 a.m., Thursday, March 25, 1982.

11. It Is HEREBY FURTHER ORDERED that by 4 p.m., Tuesday, March 2, 1982, both petitioners and respondents shall file with this Court with concurrent actual service of 3 copies on opposing counsel, 17 typewritten copies of briefs addressed to the following questions:

(a) Do the authority and responsibility of the Apportionment Commission and this Court survive invalidation of the weighted land/population formula, and

(b) If the commission's and this Court's authority and responsibility are not thereby superseded, what are the "constitutional requirements" within the meaning of Const 1963, art 4, § 6?

Reply briefs shall be filed with this Court (17 copies) by 10 a.m., Friday, March 5, 1982, with concurrent actual service of 3 copies on opposing counsel.

Oral argument by petitioners and respondents on the questions stated in this paragraph is hereby scheduled in this Court at 11 a.m., Friday, March 5, 1982.

12. It Is Hereby Further Ordered that the motion to intervene heretofore filed in this matter by Coleman A. Young and the Detroit Branch, NAACP, is considered as a motion for leave to file a brief amicus curiae on the questions stated in paragraph 11 above. So considered the motion is granted provided 17 typewritten copies of such brief are filed with the Court by 4 p.m., Tuesday, March 2, 1982, and one copy actually concurrently served on the attorney for the petitioners herein and the attorney for the respondents herein. By copy of this order the Attorney General is also invited and requested to file and serve a brief amicus curiae on the questions stated in paragraph 11, on the same terms and conditions specified in this paragraph.